**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| T1 G1 DALLAS SOLAR MODULE (TRINA) LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 4:25-CV-01470-O |
| | § | |
| TKO STAFFPROS, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT TKO STAFFPROS, LLC'S SECOND AMENDED AFFIRMATIVE DEFENSES**

Defendant TKO StaffPros, LLC ("TKO") files these Second Amended Affirmative Defenses pursuant to Federal Rule of Civil Procedure 15 and this Court's Scheduling Order. [Dkt. No. 12] These Second Amended Affirmative Defenses amend only Section II of TKO's First Amended Answer and Affirmative Defenses [Dkt. No. 14], filed on March 6, 2026. TKO re-alleges and incorporates by reference in their entirety all of the responses and denials contained in Section I of its First Amended Answer as though fully set forth herein. TKO denies all allegations not specifically admitted.

**<u>TKO'S SECOND AMENDED AFFIRMATIVE DEFENSES</u>**

TKO asserts the following affirmative defenses in response to Plaintiff's Complaint:

1. Plaintiff's claims are barred, in whole or in part, by its failure to state a claim upon which relief can be granted.

2. Plaintiff's claims for fraud, fraudulent inducement, and negligent misrepresentation are barred by the economic loss rule.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material

breach of the agreement at issue.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to act in good faith in complying with its obligations under the law and the agreement at issue.

5. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages, if any.

6. Plaintiff's claims are barred, in whole or in part, by its own comparative negligence.

7. Plaintiff's claims are barred, in whole or in part, by actions, omissions, negligence, fraud, or breach of obligations by persons other than TKO beyond its supervision and control.

8. Plaintiff's claims are barred, in whole or in part, by waiver.

9. Plaintiff's claims are barred, in whole or in part, by estoppel (including but not limited to equitable estoppel, promissory estoppel, and quasi-estoppel).

10. Plaintiff's claims are barred, in whole or in part, by ratification.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence, unclean hands, and/or unjust enrichment, as well as other applicable equitable doctrines.

12. Plaintiff's claim for negligent misrepresentation is barred because there was an enforceable contract between the parties and Plaintiff's alleged harm is related to the subject matter of that contract.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

14. Plaintiff's claims are barred, in whole or in part, by failure of consideration.

15. Plaintiff's claims are barred, in whole or in part, by assumption of risk.

16. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

17. Plaintiff's claims for recovery of amounts previously paid are barred, in whole or in part, by the voluntary payment doctrine.

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff, offset, or recoupment.

TKO reserves the right to amend and allege additional affirmative defenses if subsequent investigation or discovery warrants the same.

Respectfully submitted,

**GRIFFITH DAVISON, P.C.**

by: *_/s/Joshua V. Michaels_*
Joshua Michaels
State Bar No. 24106305
jmichaels@griffithdavison.com

945 Bunker Hill Rd, Suite 525
Houston, Texas 77024
T: 713-325-0327
F: 972-392-8901

Trent Gray
State Bar No. 24078587
tgray@griffithdavison.com

13737 Noel Road, Suite 1200
Dallas, Texas 75240
T: 972-392-8900
F: 972-392-8901

**ATTORNEYS FOR TKO STAFFPROS, LLC**

**CERTIFICATE OF SERVICE**

On April 27, 2026, I filed the foregoing document as an exhibit to TKO's Motion for Leave with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

*/s/ Joshua V. Michaels*
Joshua Michaels